SEBASTIÁN C. BANUCHI DE LA ROSA, ETC., Petitioner *v.* DISTRICT COURT OF AGUADILLA, Respondent.

No. 23. Argued October 28, 1944.—Decided November 2, 1944.

*Héctor González Blanes, Rafael A. González,* and *J. Jiménez Aguayo* for petitioners. *M. Velázquez Flores, Deputy Attorney General,* for respondent. *Samuel R. Quiñones, Angel Viera Martínez,* and *Carlos del Toro Fernández* for interveners, challengers in the proceedings for exclusion of voters.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The Insular Board of Elections denied the petitions of several challengers seeking the exclusion from the registration lists of more than 800 voters corresponding to the electoral precinct of Isabela. Upon an appeal of said cases being taken to the Peace Court of Isabela, a decision was entered ordering the exclusion of a large number of said voters. In order to review this decision four hundred and sixty-two (462) voters affected thereby instituted certiorari proceedings in the District Court of Aguadilla. Said court issued the writ, but after hearing the parties, it quashed the same and dismissed the petition. In order to review such action we issued a writ of certiorari, pursuant to Act No. 32 of 1943 (Laws of 1943, p. 84), on motion of four hundred and fifty-three (453) voters.

In view of the short time available (elections will take place within five days), we shall confine ourselves to considering and determining the questions involved in the case which, in our judgment, are essential. We must state, further, and censure it at the same time, that the negligence of the stenographer of the District Court of Aguadilla in failing to finish the transcript of the evidence which should have been sent to this court before the hearing, has delayed for several days the decision of this case.

Even though the petition for a regular certiorari filed in the lower court as well as the petition filed in this court,

pursuant to Act No. 32 of 1943, are quite deficient as to the clearness and preciseness of their allegations, it is our opinion that the essential question involved in this case is to the effect that the decisions entered by the Peace Court of Isabela ordering the exclusion of the petitioners from the voting lists are void, because said court acted without jurisdiction for the following reasons:

1. Because in a number of cases the appeals were taken by persons other than those who acted as challengers in the Insular Board of Elections.

2. Because the Justice of the Peace of Isabela, upon being disqualified to sit in a number of cases because he was related to some of the appellant challengers, illegally delegated in the Justice of the Peace of Hatillo to consider and decide said cases acting in the Peace Court of Isabela itself.

3. Because the petitioners were not legally served with notice of the appeals taken by the challengers from the decision of the Insular Board of Elections; nor were they legally summoned for the hearings held in the Peace Court, and those who appeared represented by attorney were not permitted to file their answer or to adduce any evidence in their defense.

4. Because the Justice, of the Peace of Isabela and Hatillo decided the cases without giving an opportunity to the appellant challengers to adduce any evidence whatsoever in support of their petitions for exclusion.

In order to consider and determine these questions it has been necessary to take some time in separating, in different groups, the four hundred and sixty-one (461) records of the peace court sent as a return to the lower court as well as to this court. Our attention is first called to the fact that although there are four hundred and fifty-three (453) petitioners, ten records have been sent referring to persons who are not petitioners in this court and therefore

we have not considered their cases.[1] On the other hand, the records of three petitioners have not been sent to us, to wit: civil case No. 532, Juanita Piñero de Piñero; civil case No. 670, María Román Mártir, and civil case No. 732, Angel Nieves Pérez, and we must presume that these cases were decided by the lower court without having before it the records. Even though this fact has not been assigned as an error by the petitioners herein, it so appears from the original record before us. As to those three petitioners, it is obvious that the lower court acted without jurisdiction in deciding three cases which had not been submitted for its consideration. However, the negligence of said petitioners in failing to take proper action in order to protect their rights in the lower court had the effect of making the decisions of the Peace Court of Isabela final in those cases.

Of the four grounds alleged by the petitioners to challenge the jurisdiction of the Peace Court of Isabela, we consider the third ground to be the most important, since the first question raised therein affects all the cases of the four hundred and fifty-three petitioners.

It is alleged that they were not served with notice of the appeals and were not legally summoned for the hearings held in the Peace Court of Isabela.

We must state that when Attorney J. Jiménez Aguayo appeared in the Peace Court of Isabela on July 19, 1944, which was the date fixed for the hearing of the cases, he made an oral motion challenging the jurisdiction of said

[1] These cases are the following:
1. Civil Case No. 206, Francisco González Méndez
2. Civil Case No. 343, Miguel Calero Aldarondo
3. Civil Case No. 344, Aniceto Cordero Rosa
4. Civil Case No. 576, Bárbara Calero Alfaro
5. Civil Case No. 580, Consuelo Vélez Cordero
6. Civil Case No. 710, Celestina Santiago Rosado
7. Civil Case No. 712, María Santiago Gómez
8. Civil Case No. 714, Miguel Vargas Valle
9. Civil Case No. 716, Angela Vega Vélez
10. Civil Case No. 744, Félix Aldarondo Ramos

court and among other reasons he relied on the ruling of. this court in *Márquez* v. *Insular Board of Elections,* 41 P. R.R. 1. This is evident from the order of said court dismissing the motion which appears in the records of the cases that were tried before Judge L. Pratts Maldonado.

The petitioners contend that pursuant to § 32 of the Election Law and the ruling in *Márquez* v. *Board, supra,* confirming the doctrine established in *Padilla* v. *Justice of the Peace,* 35 P.R.R. 276, they should have been served with notice of the appeals taken by the challengers and that the mere deficient constructive service made on them as to the date of the hearings did not vest the peace court with jurisdiction to entertain the cases.

In *Padilla* v. *Justice of the Peace, supra,* this court construed the second paragraph of § 32 of the Election Law as it read in 1924, in its pertinent part, thus:

" 'In all cases of appeals from decisions of the Insular Board of Elections as hereinbefore authorized in this section, the municipal court or justice of the peace court shall set one or more consecutive days for the hearing of the same, and on such day or days the said municipal court judges and justices of the peace shall devote themselves to the hearing of such appeals until all of them have been duly heard, and in the hearing of such appeals the courts before which the same may be heard shall have the right, and they are hereby so empowered, to try such cases *de novo,* and for that purpose to summon and hear witnesses and to require and examine such documents and evidence as they may deem necessary to arrive at a correct decision on the facts and law in such cases; *Provided, That such cases shall be heard according to the rules of evidence and judicial procedure that govern actions in civil cases; . . .' "

In the *Padilla* case, *supra,* as in the case at bar, there was involved an appeal taken by the challenger, from the decision the Insular Board of Elections denying the exclusion of Padilla from the registration list. The voter was not served with notice of the appeal but he was only summoned to appear as witness, and this court said at page 280:

". . . There was not only failure to deliver to Padilla a copy of the notice of appeal, which amounts to a complaint, but he was not even served with a copy of the summons.

"As maintained by the appellee in his brief, the only thing left to the justice of the peace court was perhaps the right to rule Padilla to show cause why he should not be punished for contempt, *but it never acquired jurisdiction to render a judgment against him depriving him of his right to vote,* a right which had been acknowledged by the Insular Board of Elections after investigating matter.". (Italics ours.)

After citing § 32, *supra,* this court said at page 281:

"It is clearly a speedy and summary proceeding, *but it does not mean that a person may be deprived of a right without even knowing that he has been sued and without having been served with a copy of the complaint,* but only having been summoned in a manner so confusing that it could be thought that he was being subpœnæd as a witness rather than as a party to the proceeding. The Legislature was careful to provide expressly in the Act, as we have seen, 'that such cases shall be heard according to the rules of evidence and judicial procedure that govern actions in civil cases.' Under the special circumstances it permits a reduction of time, the greatest possible simplicity in the proceedings and a speedy trial and decision, *but it can not permit an absolute failure to give the interested party his day in court.*" (Italics ours.)

This doctrine was confirmed in *Márquez* v. *Board, supra,* wherein a similar question was involved, and the court, at pp. 7 and 8, expressed itself thus:

"It may be asserted here that, far from compliance being had in such proceeding with any rule of legal procedure, all the guarantees which the latter affords to a citizen for his own defense were practically violated. Such a result was not contemplated by the Election Law, section 32 of which provides that all appeals thereunder 'shall be heard according to the rules of evidence and judicial procedure that govern actions in civil cases.' "

\*      \*      \*      \*      \*      \*      \*

"In our opinion there was no proper notification to the parties in the said proceeding. Notice was served on the political parties, but not on the interested voters. Therefore, it might perhaps be

said that it was the political parties who appeared at the hearings and not the voters whose exclusion was sought."

Now, in 1936 the second paragraph of § 32 of the Election Law was amended by adding the following:

"Immediately upon receipt of the documents constituting the record of the appeal, the municipal court or the peace court shall proceed to fix a date for the hearing of the cases, and shall, at least five days in advance of the date on which the case is to be heard, post in a visible place in said peace court or municipal court and in a post-office of the corresponding precinct, a notice making known to the public and to the interested persons the date and hour fixed for the hearing of the respective cases. Such notice shall also include the name, personal circumstances and address of the voter whose registration is at issue, and the name, personal circumstances, and address of the person swearing to the exclusion, as well as the grounds therefor; and *such posting shall constitute sufficient notice for court to acquire jurisdiction over the parties and over the case.*" (Italics ours.)

The question to be determined is whether the procedure established by the Legislature to serve the summons for the *hearings* of the appeals taken in these electoral cases operates to the effect of eliminating the previous requirement of summoning or notifying the voter of the appeal taken by the challenger from the decision of the Insular Board of Elections, which requisite in the cases of *Padilla* and *Márquez, supra,* was held to be jurisdictional. It was decided in those cases that said requirement must be complied with pursuant to the provision contained in the second paragraph of § 32, *supra,* as it read in 1924 in the sense that: "such cases shall be heard according to the rules of evidence and judicial procedure that govern actions in civil cases." This provision subsists in § 32 notwithstanding the addition made in the amendment of 1936. The last phrase of said second paragraph to the effect that the posting of notices for the hearings in the court and in the post-office "shall constitute sufficient notice for the court to acquire jurisdiction over the parties and over the case," may only refer to the granting

of jurisdiction to hold the hearings of the cases after complying with the requirement of the summons therefor, and if the jurisdictional requirement of serving notice of the appeal on the voter has been previously complied with. The provision to which we have referred as well as that last phrase may subsist and complement each other if we should give such effect to the intention of the Legislature as to make our construction support the validity of the statute. A different construction might perhaps lead us to the conclusion that said last phrase would constitute a violation of the due process of law guaranteed by our Organic Act. If there are two constructions and one of them is consistent with the validity of the law and has also the effect of harmonizing two provisions which are apparently in conflict, we should abide by said construction.

We are of the opinion that the doctrine laid down in the cases of *Padilla* and *Márquez, supra,* should subsist in construing the second paragraph of § 32 of the Election Law. The voter whose registration has been declared valid by the Insular Board of Elections has acquired a presumptive right to suffrage of which he should not be deprived by an appeal of which he has no knowledge because he was not served with any notice thereof. The mere fact that the summons for the hearing of his case could be made, constructively, thus complying with the requirements established by law as to the posting of a notice in the court and in the post-office of his town, is not tantamount to the fulfillment of the least requirement of the due process of law as to being served in some way with the notice of appeal.[2]

---

[2] The construction applied by Mr. Justice de Jesús to § 27 of the Election Law, in his opinion in *Popular Party* v. *Insular Board of Elections,* 63 P.R.R. 284, is not in conflict with the unanimous conclusion reached by this court in the case at bar. Said opinion may be clearly distinguished. In that case the interested parties were never accepted by the Insular Board of Elections as voters duly registered nor were they included in the registration list. As to the question of whether or not the names had been included in the registration list, Mr. Justice de Jesús held that they could learn such

Since the parties were not legally served with notice, the Peace Court of Isabela never acquired jurisdiction over those cases, except those wherein the parties made a general appearance either personally or through their attorneys, and submitted themselves to the jurisdiction of that court. There are twenty-seven (27) such cases.

Now, in those twenty-seven cases we must determine whether the Peace Court of Isabela, for any of the other reasons alleged, acted without jurisdiction.

In three of the cases, No. 353 of Sebastián Banuchi de la Rosa, No. 401 of Saturnina Beniquez Montilla, and No. 545 of Margarita Quiñones Quiñones, there are included the decisions entered by Mr. Juan Ramón Cruz (Justice of the Peace of Hatillo), who acted as Justice of the Peace of Isabela (his signature appears thus in the decisions entered in one hundred and eighty-eight cases (188) among which are these three) on July 20, 1944, while at the same time the Judge of said court, Mr. Luis Pratts Maldonado, heard the other cases set for that day.

The petitioners alleged in the lower court, and they allege and maintain in this court, that in the cases heard by the Justice of the Peace of Hatillo acting as Justice of the Peace of Isabela, the decisions entered are void for lack of jurisdiction.

The question arose in the Peace Court of Isabela in this fashion. In these cases Claudino Pratts Maldonado and Adrián Girald Maldonado appeared as appellant challengers (in two of them as appellees). Since it was alleged that said

---

fact from the lists posted to the public or from the lists of the local committee of their party in the precinct where they live. The procedure established by § 27 of the Election Law which was construed in said case, has no relation whatsoever to the judicial procedure wherein it is required, as is provided in § 32, *supra*, that "the judicial procedure that govern actions in civil cases" be complied with. Our personal opinion in said case with which Mr. Justice Snyder concurred, was different from that of Mr. Justice De Jesús, inasmuch as we held that pursuant to § 27 the service by means of notices posted to the public was insufficient.

challengers were related within the second and fourth degree of consanguinity with the Justice of the Peace of Isabela, Mr. Luis Pratts Maldonado, his disqualification was sought, to which said judge consented, and he issued an order on July 19, 1944, the dispositive part of which reads as follows:

"In view of subdivision 2 of § 23 of the Code of Civil Procedure, I grant said motion, I disqualify myself to sit in all the cases appealed from and set for hearing on July 19 and on July 20, 1944, wherein Claudino Pratts Maldonado and Adrián Girald Maldonado acted as challengers and appellants, and I advise the parties and their attorneys to come to an agreement and to stipulate the court to which those appeals should be sent in order that the same be heard, tried and adjudged without disturbing the setting of the dates made."

On that same day the judge issued an order reading textually as follows:

"It is 7:30 P.M. and the court holds a public session to continue the hearing of the appeals in the electoral cases previously set.

"WHEREAS, the judge of the court has been informed that the subscribers of the motion for disqualification to which his order of this same date refers, have not agreed to the transfer of the cases affected by the disqualification to the Justice of the Peace of Quebradillas, as was proposed by the adverse party through its attorney, Mr. Viera, and has likewise been informed that in all probability they shall not reach an agreement or stipulation.

"WHEREAS, said Justice of the Peace of Quebradillas has stated to the subscribing judge that in many of the cases affected by the disqualification there appear as parties relatives of his within the fourth degree of consanguinity.

"THEREFORE, in the exercise of the powers granted to the judge of this court by § 84 of the Code of Civil Procedure, he orders that all the appeals in the electoral cases taken to him and in which Claudino Pratts Maldonado and Adrián Girald Maldonado act as challengers and appellants, be transferred to the Justice of the Peace of Hatillo, Hon. Juan Ramón Cruz, who shall continue the proceeding thereof by hearing them, trying them, and entering judgment accordingly in substitution of the disqualified judge on the dates set therefor respectively."

Lastly, it appears that said judge on that same day addressed a letter from Isabela to Mr. Juan Ramón Cruz, Justice of the Peace of Hatillo, as follows:

"Hon. Juan Ramón Cruz,
Justice of the Peace of Hatillo.
Dear colleague:
    "Since I am disqualified to sit in all the electoral appeals brought before me, wherein Claudino Pratts Maldonado and Adrián Girald Maldonado act as challengers and appellants, I have on this day issued an order transferring said appeals to you in order that you should decide them according to the law and the facts.

    "The parties or their attorneys have been notified of the hearing of the transferred cases and the same shall be held before you in the City Hall at the time, etc., already set.

    "All the records of the transferred cases are at your disposal in my office.

    "Thanking you for your cooperation, I offer to reciprocate in similar cases and I remain,
        Very truly yours,
                    (Sgd.) LUIS PRATTS MALDONADO,
                        *Justice of the Peace of Isabela,*
                        *Puerto Rico.*"

(All these papers appear in the record of case No. 126, *Claudino Pratts Maldonado,* appellant v. *Monserrate Cruz Acevedo,* appellee.)

By virtue of the above-copied order, resolution, and letter, the Justice of the Peace of Hatillo acted as Justice of the Peace of Isabela.

The lower court decided that § 84 of the Code of Civil Procedure,[3] on which the Justice of the Peace relied for ordering the transfer, was not applicable to the cases herein.

---

    [3] "Section 84.—(398 Cal.) If an action or proceeding is commenced or pending in a court, and the judge thereof is disqualified from acting as such, or if, for any cause, the court orders the place of trial to be changed, it must be transferred for trial to a court the parties may agree upon by stipulation in writing, or made in open court and entered in the minutes; or, if they do not so agree, then (to) the nearest court where the like objection or cause for making the order does not exist, as follows:

    1. If in the district court, to another district court."

It further held that § 1 of an "Act to provide for the appointment of special judges for the municipal courts in certain cases approved March 9, 1905 (as amended by the Act of March 11, 1908) and §§ 16 and 17 of the Code of Criminal Procedure which are copied in the margin[4] were applicable; and that it could be determined "that the Justice of the Peace of Hatillo (*sic*) complied with said Act, that is, § 17 above-mentioned and that it should be presumed that he acted within the powers granted thereby."

Evidently there is a discrepancy between the constrained conclusion of the lower court and the true facts as to the fashion in which the Justice of the Peace of Isabela (and not of Hatillo) acted, according to the resolution, order, and letter above-copied. The presumption established by subdivision 16 of § 102 of the Law of Evidence (§ 464 of the Code of Civil Procedure), to the effect that "a court or judge, acting as such, . . . was acting in the lawful exercise of his jurisdiction," was controverted in these cases by the documents signed by the judge himself included in the records.

Assuming that § 84, *supra*, is not applicable to the proceedings held in the peace courts, it is obvious that the Justice of the Peace did not at all comply with the provisions of § 1 of the Act of 1905, as amended in 1908, *supra*, nor with § 17

[4] "Section 1.—That whenever any case or cases are pending in a municipal court, and the judge thereof is disqualified from trying the same, such judge shall immediately indicate such fact to the Governor by telegraph, or otherwise, whereupon the Governor may appoint a special judge, not so disqualified, or may assign any other municipal judge to hear and determine said case or cases.

"Section 16.—A justice of the peace may conduct the proceedings of any other justice of the peace of the same district or city, upon inability to act, sickness, or any other cause. In such cases the proper entry of the proceedings of such justice of the peace, so acting, shall be made in the docket of the justice of the peace for whom he so acts.

"Section 17.—(Superseded by Act of March 10, 1904, reorganizing the Judiciary in Puerto Rico.) (As amended by Act 57, June 17, 1919.) —Section 1.—The term of office of any Justice of the Peace shall be four years. The Justices of the Peace with the approval of the Attorney General may appoint their substitutes."

of the Code of Criminal Procedure. There is nothing in the original records from the Peace Court of Isabela to show that the Governor of Puerto Rico had appointed the Justice of the Peace of Hatillo to act as Justice of the Peace of Isabela in those cases wherein the Judge of Isabela was disqualified to act and there is no showing that the Attorney General had approved the appointment of the Justice of the Peace of Hatillo as substitute for the Judge of Isabela, and thus had complied with the indispensable requirement to make valid the appointment of the Justice of the Peace of Hatillo, pursuant to the Act and the facts above cited.

Now, assuming that § 84, *supra,* is applicable to proceedings in the peace courts, it is likewise obvious that in the case at bar the legal provisions were not complied with either. The cases were not transferred to the Peace Court of Hatillo but instead the Justice of the Peace of Hatillo, by order of the Justice of the Peace of Isabela, came to the Peace Court of Isabela and acted together with the judge of that court. Therefore, we have the anomalous case that during the prosecution of these cases the Peace Court of Isabela was being presided by two judges at the same time, without the legal requirements having been complied with in order that the action of the substitute judge could be held valid.

No matter from what legal stand point the action of the Justice of the Peace of Hatillo in these cases is viewed we can only reach one conclusion, to wit, that he acted without jurisdiction as Justice of the Peace of Isabela, and that the decisions entered by him in the one hundred and eighty-eight (188) cases are completely null and void. Since the three cases of Sebastián Banuchi de la Rosa, Saturnina Beníquez Montilla, and Margarita Quiñones Quiñones, are included in said one hundred and eighty-eight cases, the decisions entered therein by the Justice of the Peace of Hatillo are void.

■■ Therefore, there is only left for our consideration the legal situation existing in twenty-four (24) cases wherein the parties appeared either personally or through counsel. Among them there are three (3), to wit, Civil case No. 377 of Basilisa Román Martínez, Civil case No. 399 of Luis Valle Cancel, and Civil case No. 765 of Manuel Sánchez Sánchez, wherein the record shows that the appeals were taken by persons other than those who acted as challengers in the Insular Board of Elections.[5]

Section 32 of the Election Law, as amended by Act No. 3 approved June 29, 1936, expressly provides in its first paragraph[6] that only two persons may appeal from a decision of the Insular Board of Elections: first, the voter whose exclusion has been ordered and, second, the person whose petition for exclusion from registration has been rejected or denied. The question involved is not novel in this jurisdiction. In *Ortiz* v. *Peace Court*, 53 P.R.R. 37, we held as follows, at page 44:

"The principle that an appeal is a statutory right which does not exist unless expressly granted by statute has become a settled rule of law. According to section 32, *supra,* only the voter excluded or the challenger whose petition for exclusion has been dismissed, as the case may be, can appeal from the decision of the Insular Board of Elections decreeing or denying the exclusion of any voter from the lists. Consequently, a person who has not intervened in the proceeding for exclusion can not appeal, as was the case with Modesto Velázquez Flores who was not the person who verified and presented the petitions for the exclusion of the petitioning elec-

---

[5] This same situation arises in thirty-two (32) other cases and the decisions entered therein were annulled by one or both of the two jurisdictional reasons previously discussed and decided.

[6] Section 32.—(As amended by Act No. 3, approved June 29, 1936)—Any person whose registration as a voter has been ordered cancelled by the Insular Board of Elections, and any person whose petition for the exclusion of a registration has been rejected or denied by the Insular Board of Elections, may appeal from the decision of the said board to the municipal court of the municipality to which such registration pertains, if a municipal court exists in such municipality, and if no municipal court exists in such municipality, the said appeal shall be taken to the peace court thereof.

tors. The decision rendered by the Insular Board of Elections denying the petitions for exclusion signed by challengers Pedro Martínez, José Cáceres, and Mariano Lebrón became final when no appeal was taken therefrom by said challengers. The notices of appeal signed by Modesto Velázquez Flores conferred no jurisdiction upon the Peace Court of Las Piedras, as they were null and void. The judgments entered by said court reversing the decisions of the Insular Board of Elections were rendered without jurisdiction and are legally void."

The interveners contend, however, as to the case wherein the challenger Antonio Bonilla Nieves intervened, that he died *before* the petitions for exclusion had been acted upon by the Insular Board of Elections and that appellant Miguel A. Ramos Díaz is another voter of Isabela and had full knowledge of the same facts as the original challenger, and thus stated it in an affidavit, and, therefore, that the lower court did not err in deciding that the Peace Court applied properly § 7 of the Civil Code,[7] inasmuch as the lawmaker had failed to provide the proper procedure for such a case.

The provisions of § 7 of the Civil Code are not applicable to this situation. As we said in the case of *Ortiz,* and repeat herein, it is a well-settled rule that an appeal is a statutory right which can not exist or can not be acknowledged unless expressly granted by law. And still less can it be accepted that each court, in its discretion, may grant or deny that right, as a person may see fit to allege, even under oath, that he is in the same situation as the deceased to whom the law granted such right. The omission existing in the Election Law in failing to make any provision as to who may appeal when a challenger has died, may only be cured by the Legislature.

---

[7] "Section 7.—Any court which shall refuse to render a decision on the pretext of silence, obscurity or unintelligibility of the laws, or for any other reason, shall be held liable therefor.

"When there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration."

In view of the foregoing, we hold that the lower court erred in not deciding that the Peace Court of Isabela acted without jurisdiction in the three cases of Basiliso Román Martínez, Luis Valle Cancel, and Manuel Sánchez Sánchez, wherein the appeals were taken by persons other than those who acted as challengers.[8]

■ In the twenty-one (21) cases left for our consideration, the only jurisdictional question raised by the petitioners which we must decide on its merits, is the one referring to the fact that the petitioners who appeared through their attorneys were not permitted to file their answers nor to adduce any evidence in their defense.

In eleven of these cases it appears from the original records of the Peace Court of Isabela that the voter appellee filed a motion to dismiss the petition for exclusion filed by the challenger appellant and an answer to said petition, both signed by his attorney, Mr. J. Jiménez Aguayo, and in one case he filed the above-mentioned motion. At the margin of the motions and answers the following appears: "Dismissed. July 19, 1944. Luis Pratts Maldonado, Justice of the Peace of Isabela," or simply "Dismissed."

In the remaining nine cases no written allegation has been filed, but in all of them the judgments rendered in this group of twenty-one cases it appears that in some cases oral evidence was introduced and in others, both oral and documentary. Upon an examination of the records in these cases, we find no showing of any documentary evidence, for the record of the Insular Board of Elections sent by the General Supervisor of Elections to the court in compliance with the fifth paragraph of § 32 of the Election Law, may not be considered as constituting documentary evidence.

Now, as to the oral evidence, the petitioners alleged in the lower court as well as in this court, that the peace court

---

[8] It is obvious that the judgment rendered in the other thirty-two cases to which we referred in footnote 5 are void on this other ground.

did not allow them to offer said evidence, but on the contrary, that the cases were decided without adducing any evidence whatsoever, and in support of this allegation they tried to offer oral and documentary evidence which was not admitted by the lower court under the well-known rule that in a regular certiorari proceeding evidence *dehors* the record is not admissible.

We can conceive no reason why in such a small number of cases voters appeared through their attorneys whereas in more than four hundred cases there was no appearance either personal or by representation, and it is thus stated in the judgments. The fact is that in these twenty-one cases we are confronted with official papers—the motions and answers —which tend to show that the voters put in an appearance, thus submitting to the jurisdiction of the Peace Court and also the judgments which expressly state that they offered oral evidence. There is nothing in the Election Law which bound the voters to resort to the certiorari proceeding in the lower court in order to have the decisions of the peace court reviewed. They could have appealed according to the provisions of § 32, *supra,* and in the appeals they could have presented the evidence which they deemed pertinent. It should not be understood that we are deciding that certiorari was not the only proper remedy available to the petitioners. However, the facts which led petitioners to choose the certiorari proceeding instead of an ordinary appeal are not before us, inasmuch as they are not set forth in the petition filed in the lower court, and therefore, in our opinion the lower court did not err in excluding the *aliunde* evidence under the circumstances of this case. Notwithstanding any doubts that we might entertain due to the surrounding circumstances in all the cases, we are of the opinion that as to the truthfulness of what was stated in the judgments of these 21 cases, it appears from the records and judgments that the petitioners herein submitted to the jurisdiction of

the peace court. These petitioners are 289—Juan Acevedo Soto; 292—Basilio Muñiz Morales; 295—Gregoria Rodríguez Quiles; 296—Luis Felipe Salas González; 298—Naftalí Barreto de la Rosa; 299—Julio de la Rosa Galván; 308—Anastasio Alers Vendrell; 310—Jenaro Rodríguez Ortiz; 345—Eduardo Morales Ramos; 347—Monserrate Colón Román; 349—Pedro Gutiérrez Román; 350—Ramona López de Vega; 361—Rubén Aldarondo Ferrer; 362—Antonio Arce Chico; 363—Mariano Barreto Alfaro; 365—Pablo Ferrer Aldarondo; 366—Víctor Ferrer Aldarondo; 368—Félix López Camacho; 371—Leopoldo Millet López; 372—María Cristina Millet and 386—Carmen Vargas Medina.

For the foregoing reasons, we must conclude that the judgment rendered by the District Court ' of Aguadilla on October 4, 1944, in Civil case No. 16810, *Sebastián Bamuchi de la Rosa* v. *Peace Court of Isabela,* must be annulled, except in so far as the same refers to the twenty-one cases which we have just specified and to the three cases whose records are not included in the return (see *ante,* p. 111), and in consequence thereof, the judgments rendered by the Peace Court of Isabela, presided by Messrs. Luis Pratts Maldonado and Juan Ramón Cruz, in the four hundred and twenty-nine cases of the remaining petitioners (which are specified in the attached list), are hereby annulled and the judgment herein should be immediately notified, not only to the lower court but also to the Insular Board of Elections in order that the latter should take the proper steps so as to guarantee the suffrage rights of said petitioners in this election.

